UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

JUAN CARLOS JIMENEZ,
Petitioner,
v.
WARDEN OF ADELANTO ICE PROCESSING CENTER, et al.,
Respondents.

No. 5:26-cv-04681-JDE

ORDER REGARDING PETITION

**I.**

**PROCEEDINGS**

On August 12, 2026, the Court received from Juan Carlos Jimenez ("Petitioner"), proceeding pro se, a Petition for Writ of Habeas Corpus challenging his re-detention by immigration authorities. Dkt. 1 ("Petition" or "Pet."). Petitioner contends that his re-detention without notice of the reasons for re-detention and an opportunity to respond violated his procedural due process rights; and U.S. Immigration and Customs Enforcement ("ICE") has no reason to detain him in violation of substantive due process requirements and the Administrative Procedure Act. Petitioner requests his immediate release and an order enjoining Respondents from re-detaining him without at

least seven days' notice and a pre-deprivation hearing before an immigration judge. Id. at 7 (CM/ECF pagination).

On August 24, 2026, Respondents filed an Answer to the Petition. Dkt. 8 ("Ans."). Petitioner did not file an optional Reply within the time permitted.

For the reasons discussed below, the Petition is granted, in part.

## II.
## BACKGROUND

The parties provide few details regarding Petitioner's immigration proceedings. Most of the factual information is derived from the Form I-213 attached to the Answer.

Petitioner is a national and citizen of Guatemala, who entered the United States without inspection. U.S. Border Patrol encountered Petitioner on November 8, 2023 and served him with a Notice and Order of Expedited Removal. Petitioner claimed credible fear and he was detained pending his credible fear claim/application. Dkt. 8-1. In March 2024, Petitioner was served with a Notice to Appear and was released on parole. Pet. at 10; Dkt. 8-1.

On March 7, 2026, Petitioner was arrested for driving under the influence of combined drugs and alcohol in violation of Cal. Veh. Code § 23152(g). On March 8, 2026, Petitioner was scheduled to be released from custody by the Los Angeles Sheriff's Department. Upon release, Petitioner was arrested by ICE due to a material change of circumstance, specifically, his arrest for driving under the influence. Ans. at 2; Dkt. 8-1.

## III.
## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th

Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. Due process rights extend to noncitizens present in the United States, including those subject to final removal orders. Zadvydas v. Davis, 533 U.S. 678, 693-94 (2001). Due process requires that an individual be afforded notice and opportunity to be heard "at a meaningful time and in a meaningful manner." See Mathews v. Eldridge, 424 U.S. 319, 333, 348 (1976) (citation omitted). The Court must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Id. at 335.

Petitioner contends his due process rights were violated because he had a liberty interest due to his parole and that interest was violated when he was detained without being provided written notice of the basis for the arrest or an opportunity to respond. Pet. at 6. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). "Although the initial decision to detain or release an individual may be within the government's discretion, 'the government's decision to release an individual from custody creates "an implicit promise," upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions of

release.'" Faizyan v. Casey, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025) (alterations in original) (quoting Pinchi, 792 F. Supp. 3d at 1032); see also Zadvydas, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects."). Thus, after being released from custody, Petitioner had a protected liberty interest in remaining out of custody. Salazar v. Casey, 2025 WL 3063629, at *3 (S.D. Cal. Nov. 3, 2025) (quoting Pinchi, 792 F. Supp. 3d at 1032).

Yet, Petitioner's liberty interest was premised on compliance with the conditions of parole. Petitioner's arrest for driving under the influence, which allegedly violates the conditions of his parole, reflects a possible changed circumstance that ICE may consider in determining whether to revoke release. Petitioner alleges he was not given written notice of the reasons for his detention, an assertion Respondents do not contest, and Petitioner avers he was not given an opportunity to contest his detention. Pet. at 6. Respondents counter that Petitioner did not request a bond hearing—but nothing in the record reflects that Petitioner was advised of a right to request a bond hearing or advised how to request such a hearing. In such circumstances, there is a risk of erroneous deprivation of Petitioner's liberty interest. See Bernal v. Chestnut, 2026 WL 206054, at *10 (E.D. Cal. Jan. 27, 2026) (finding risk of erroneous deprivation and the probable value of additional safeguards were high where petitioner was detained by ICE based on arrest for battery of a spouse without a custody redetermination hearing regarding re-detention), adopted by 2026 WL 392113 (E.D. Cal. Feb. 12, 2026).

Finally, while the government has a "strong interest" in enforcing the immigration laws (Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022)), Respondents' interest in detaining Petitioner without a hearing is low. See Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the

government wishes to re-arrest [the petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.”).

Weighing the Mathews factors based on the existing record, Petitioner’s detention without immigration officials providing him written notice of the basis for his detention and without providing him a prompt custody re-determination hearing (or advising him of his right to such a hearing) violated Petitioner’s right to due process. However, the appropriate remedy here is not immediate release. Rather, considering the unique facts and limited record here, in which facially, some factual basis appears for a redetermination of Petitioner’s release status and where Petitioner did not pursue his administrative remedies to seek a review of his detention by immigration authorities, the appropriate remedy is a custody re-determination hearing before an immigration judge.

Respondents note that Petitioner “appears to be entitled to request and receive an initial bond hearing” pursuant to Rodriguez Vazquez v. Bostock, -- F.4th --, 2026 WL 2196424 (9th Cir. July 30, 2026). Ans. at 2. However, as Petitioner has now been detained for more than six months, he is now entitled to a Rodriguez bond hearing, at which the government bears the burden of proof by clear and convincing evidence to justify his continued detention.

## IV.

## ORDER

IT IS THEREFORE ORDERED that Judgment shall be entered:

(1) granting the Petition, in part, ordering Respondents to (a) provide an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a), at which the government shall bear the burden of proving by clear and convincing evidence that Petitioner is a flight risk or a danger to the community that no conditions of release can offset, for **Petitioner Juan Carlos Jimenez**

**(A# 249 021 140)** within seven (7) days of this Order, with instructions that the immigration judge has jurisdiction under 8 U.S.C. § 1226(a) to consider bond and must provide a written, reasoned decision if bond is denied, including all factual findings in support of such decision; or (b) release Petitioner from custody subject only to narrowly tailored conditions of release, if any, no more restrictive than necessary to ensure his appearance as required and to protect the community, if he is not timely provided with the aforementioned bond hearing; and

(2) denying the Petition as to all other requests for substantive relief based on the allegations therein with prejudice as unsupported.

Dated: September 14, 2026 _

JOHN D. EARLY
United States Magistrate Judge