UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

JUAN CARLOS JIMENEZ,

Petitioner,

v.

WARDEN OF ADELANTO ICE PROCESSING CENTER, et al.,

Respondents.

No. 5:26-cv-04681-JDE

AMENDED ORDER REGARDING PETITION

**I.**

**PROCEEDINGS**

On August 12, 2026, the Court received from Juan Carlos Jimenez ("Petitioner"), proceeding pro se, a Petition for Writ of Habeas Corpus challenging his re-detention by immigration authorities. Dkt. 1 ("Petition" or "Pet."). Petitioner contends that his re-detention without notice of the reasons for re-detention and an opportunity to respond violated his procedural due process rights; and U.S. Immigration and Customs Enforcement ("ICE") has no reason to detain him in violation of substantive due process requirements and the Administrative Procedure Act. Petitioner requests his immediate release and an order enjoining Respondents from re-detaining him without at

least seven days' notice and a pre-deprivation hearing before an immigration judge. Id. at 7 (CM/ECF pagination). On August 24, 2026, Respondents filed an Answer to the Petition. Dkt. 8 ("Ans."). Petitioner did not file an optional Reply within the time permitted, and as such, the Court proceeded to rule on the Petition, granting the Petition in part, ordering Respondents to provide Petitioner "an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a), at which the government shall bear the burden of proving by clear and convincing evidence that Petitioner is a flight risk and a danger to the community that no conditions of release can offset . . . with instructions that the immigration judge has jurisdiction under 8 U.S.C. § 1226(a) to consider bond and must provide a written, reasoned decision if bond is denied, including all factual findings in support of such decision. Dkt. 9 ("Prior Order"). Judgment was entered the same day. Dkt. 10.

On September 24, 2026, Petitioner filed a Motion to Reconsider, stating that Respondents did not serve him with their Answer, and thus did not have an opportunity to respond. Dkt. 11 ("Motion to Reconsider"). On September 25, 2026, the Court ordered Respondents to file a Response. Dkt. 12. On September 29, 2026, Respondents filed a Response, stating Petitioner was "provided [a] bond hearing on September 21, 2026 in compliance with the court order," conceding that Respondents' did not serve of the Answer, and representing that it would be served that day. Dkt. 14 ("Response"). Respondents attached a copy of the September 21, 2026 bond decision reflecting that bond was denied "because danger to the community." Id., Exh. A. The bond decision does not reflect that the burden was placed on the government to show flight risk or danger to the community and there is no explanation for the dangerousness finding, despite the Prior Order.

On September 29, 2026, the Court granted the Motion to Reconsider, vacated the Prior Order and Judgment, and ordered Petitioner to file a Reply

to the Answer within ten days. Dkt. 16. Petitioner filed a Traverse on October 7, 2026. Dkt. 17 ("Trav.").

For the reasons discussed below, the Petition is granted, in part.

## II.

## BACKGROUND

The parties provide few details regarding Petitioner's immigration proceedings. Most of the factual information is derived from the Form I-213 attached to the Answer.

Petitioner is a national and citizen of Guatemala, who entered the United States without inspection. U.S. Border Patrol encountered Petitioner on November 8, 2023 and served him with a Notice and Order of Expedited Removal. Petitioner claimed credible fear and he was detained pending his credible fear claim/application. Dkt. 8-1 ("Form I-213"). In March 2024, Petitioner was served with a Notice to Appear and was released on parole. Pet. at 10; Form I-213.

On March 7, 2026, Petitioner was arrested for driving under the influence of combined drugs and alcohol in violation of Cal. Veh. Code § 23152(g). On March 8, 2026, Petitioner was scheduled to be released from custody by the Los Angeles Sheriff's Department. Upon release, Petitioner was arrested by ICE due to a material change of circumstance, specifically, his arrest for driving under the influence. Ans. at 2; Form I-213. As noted, Petitioner received a bond hearing on September 21, 2026 at which the immigration judge denied bond, finding he was a "danger to the community." See Response, Exh. A.

## III.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28

U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. Due process rights extend to noncitizens present in the United States, including those subject to final removal orders. Zadvydas v. Davis, 533 U.S. 678, 693-94 (2001). Due process requires that an individual be afforded notice and opportunity to be heard "at a meaningful time and in a meaningful manner." See Mathews v. Eldridge, 424 U.S. 319, 333, 348 (1976) (citation omitted). The Court must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." Id. at 335.

Petitioner contends his due process rights were violated because he had a liberty interest due to his parole and that interest was violated when he was detained without being provided written notice of the basis for the arrest or an opportunity to respond. Pet. at 6. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). "Although the initial decision to detain or release an individual may be within the government's discretion, 'the government's decision to release an individual from custody

creates "an implicit promise," upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions of release.'" Faizyan v. Casey, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025) (alterations in original) (quoting Pinchi, 792 F. Supp. 3d at 1032); see also Zadvydas, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects.").

A "parolee has relied on at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions," and, as such, the parolee's liberty interest "is valuable and must be seen as within the protection of the [Due Process Clause]." Morrissey v. Brewer, 408 U.S. 471, 482 (1972). Thus, "termination [of parole] calls for some orderly process[.]" Id. "[H]umanitarian parole can establish the same kinds of liberty interests described in Morrissey." Torres v. Hermosillo, 2026 WL 145715, at *5 (W.D. Wash. Jan. 20, 2026) (collecting cases); see also Ramirez Tesara v. Wamsley, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025) ("When he was released from his initial detention on parole, Petitioner took with him a liberty interest which is entitled to the full protections of the due process clause."); Del Toro v. Warden Northwest ICE Processing Ctr., 2026 WL 1283517, at *5 (W.D. Wash. May 11, 2026) (finding a Cuba national who had been granted parole and had been living in the community for "almost a year" had a protected liberty interest under Mathews).

Here, Petitioner's liberty interest was premised on compliance with the conditions of parole. Petitioner's arrest for driving under the influence reflects a possible changed circumstance that ICE may consider in determining whether to revoke release. Petitioner alleges he was not given written notice of the reasons for his detention, an assertion Respondents do not contest, and Petitioner avers he was not given an opportunity to contest his detention. Pet.

at 6. Petitioner was provided a bond hearing on September 21, 2026, at which he had the opportunity to challenge his detention. The immigration judge found Petitioner to be a danger to the community. The government has a "strong interest" in enforcing the immigration laws, and continued detention here, based on a dangerousness finding, serves the government's interest in protecting the public from dangerous criminal noncitizens. Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208-09 (9th Cir. 2022)). Considering the unique facts and limited record here, in which facially, some factual basis appears for a redetermination of Petitioner's release status and where Petitioner has been found to be a danger to the community, immediate release is not warranted. However, although the Prior Order was later vacated, it was in force at the time of the September 21 bond hearing, and it appears that the immigration judge at that hearing did not "provide a written, reasoned decision if bond is denied, including all factual findings in support of such decision." Prior Order at 9. As the immigration judge did not provide any explanation for its finding that Petitioner is a danger to the community and did not specify that the government bore the burden of proof at the recent bond hearing, the Court finds a further Rodriguez bond hearing is warranted. **Again, the immigration judge shall provide a written, reasoned decision if bond is denied, including all factual findings in support of such decision.**

## IV.

## ORDER

IT IS THEREFORE ORDERED that Judgment shall be entered:

(1) granting the Petition, in part, ordering Respondents to (a) provide another individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a), at which the government shall bear the burden of proving by clear and convincing evidence that Petitioner is a flight risk or a danger to the

community that no conditions of release can offset, for **Petitioner Juan Carlos Jimenez (A# 249 021 140)** within seven (7) days of this Order, with instructions that the immigration judge has jurisdiction under 8 U.S.C. § 1226(a) to consider bond and **must provide a written, reasoned decision if bond is denied, including all factual findings in support of such decision**; or (b) release Petitioner from custody subject only to narrowly tailored conditions of release, if any, no more restrictive than necessary to ensure his appearance as required and to protect the community, if he is not timely provided with the aforementioned bond hearing; and

(2) denying the Petition as to all other requests for substantive relief based on the allegations therein with prejudice as unsupported.

Dated: October 14, 2026____

JOHN D. EARLY
United States Magistrate Judge